# WHITEFORD, TAYLOR & PRESTON L.L.C.

1220 N. MARKET STREET, SUITE 608
WILMINGTON, DE 19801

MAIN TELEPHONE (302) 353-4144
FACSIMILE (302)-661-7950

CHAD J. TOMS
COUNSEL
DIRECT LINE (302) 357-3253
DIRECT FAX (302) 357-3273
ctoms@wtplaw.com

BALTIMORE, MD*
COLUMBIA, MD*
FALLS CHURCH, VA*
TOWSON, MD*
WASHINGTON, DC*
WILMINGTON, DE
DEARBORN, MI*

WWW.WTPLAW.COM
(800) 987-8705

August 19, 2011

**Via Hand Delivery and cm/ecf**

The Honorable Peter J. Walsh
United States Bankruptcy Court
for the District of Delaware
824 North Market Street
6th Floor
Wilmington, DE 19801

   Re:   *Federal Insurance Company v. DBSI, Inc., et al.,*
         **Adv. No. 09-52031 (PJW)**

Dear Judge Walsh:

   This letter responds to the Court's invitation in its Memorandum Opinion dated July 22, 2011 [D.I. 386] to file written submissions on whether the Supreme Court's recent decision in *Stern v. Marshall* permits the Court to issue an order on the Interpleader-Defendants' Motion for Partial Summary Judgment Regarding Coverage Under the D&O Policy for Defense Costs Incurred in the RICO Action and the Avoidance Action (the "Motion").

   It is Interpleader-Defendant Douglas Swenson's position that nothing in *Stern v. Marshall* prevents the Court from deciding issues of state law and entering final orders in this particular adversary proceeding. This proceeding was initiated when Federal Insurance Company ("Federal") filed a complaint for interpleader and moved to deposit in the Court's registry the proceeds of a Directors' & Officers' insurance policy (the "Policy") issued to DBSI, Inc. and other debtor entities. In its interpleader complaint, Federal took the position that it could not itself distribute the policy proceeds among the various claimants, due to the debtors' interest in the proceeds and the resulting potential that such distributions would violate the automatic stay imposed upon the filing of debtors' chapter 11 petitions. [D.I. 1, ¶ 15.] The trustee, moreover, has consistently maintained the Policy proceeds are property of the estate. *E.g.*, Obj. of

*Whiteford, Taylor and Preston L.L.C. is a limited liability company. Our offices outside of Delaware operate under a separate Maryland limited liability partnership, Whiteford, Taylor & Preston L.L.P.

Trustee to Mtn. for Order Approving and Directing Payment of Defense Costs, ¶ 5 [D.I. 62].

It is yet to be determined how far the reach of *Stern v. Marshall*'s holding concerning the bankruptcy court's ability to enter final orders on state-law counterclaims may be extended. But neither *Stern* nor any case interpreting *Stern* since its issuance diminishes this Court's jurisdiction to determine the allocation of funds held within the Court's registry and which are claimed property of the estate.

Based on the foregoing, Mr. Swenson respectfully requests that the Court enter an Order consistent with its holdings in its Memorandum Opinion dated July 22, 2011 [D.I. 386].

Respectfully submitted,

Chad J. Toms,
Counsel

CJT:las
cc: All counsel of records (via cm/ecf)