UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

November 3, 2011

TO: Counsel listed on the attached Service List

Re: **Federal Insurance Company v. DBSI, Inc., et al.
Adv. Proc. No. 09-52031 (PJW)**

Dear Counsel:

This is a follow-up to my Memorandum Opinion of July 22, 2011 (Doc. # 386) and the various letters in response (Doc. ## 388, 389, 390, 391, 393, 394 and 395).

The Trustee takes the position that Stern v. Marshall precludes my exercising a final judgment authority.

The Individual Defendants take the position that I can enter a final judgment order. Specifically, counsel for Messrs. Hassard, Mayeron and Var Reeve takes the position that the Trustee's Answer and his appeal from my May 25, 2010 Order (Doc. # 160) show his acknowledgment that 28 U.S.C. § 157(c)(2) governs. I disagree. In his Answer (Doc. # 34), the Trustee simply admitted "that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 157 and 1334". With respect to the Trustee's appeal from my May 25, 2010 Order, that Order was entered as a

2

final order so that the Trustee had no choice but to pursue an appeal pursuant to 28 U.S.C. § 158(a)(1).

While the Stern opinion suggest that it is a narrow holding, I believe it will result in many bankruptcy court decisions. There are already numerous conflicting bankruptcy court reported decisions addressing the impact of Stern on the bankruptcy practice. Whatever the final outcome, at this point I believe that the parties can consent to the bankruptcy court exercising final judgment authority.

Based on the position taken by counsel for the Individual Defendants in their response to my inquiry, I would assume that they would consent to such authority. Please advise. As to the Trustee, I hereby request that his counsel advise me as to whether he consents to my exercising final judgment authority in this matter. Of course, if any counsel believes that my consent interpretation of Stern is incorrect, I would appreciate your analysis of Stern as to why you so believe.

Very truly yours,

Peter J. Walsh

PJW:ipm

Att.

Case 09-52031-PJW    Doc 401    Filed 11/03/11    Page 3 of 3

SERVICE LIST

Jami B. Nimeroff
BROWN STONE NIMEROFF LLC
901 N. Market Street
Suite 1300
Wilmington, DE 19801

Monte N. Stewart
Craig G. Taylor
BELNAP STEWART TAYLOR &
MORRIS PLLC
12550 W. Explorer Drive
Suite 100
Boise, Idaho 83713

Counsel for Interpleader-
Defendants Charles Hassard,
John Mayeron and Thomas
Var Reeve

Brian J. McMahon
Karen A. Giannelli
Natasha M. Songonuga
GIBBONS P.C.
1000 N. West Street
Suite 1200
Wilmington, DE 19801-1058

Counsel to Conrad Myers,
as trustee for the DBSI
Liquidating Trust

Jami B. Nimeroff
BROWN STONE NIMEROFF LLC
901 N. Market Street, Suite 1300
Wilmington, DE 19801

Curtis D. McKenzie
McKENZIE LAW OFFICES, PLLC
710 W. Franklin Road
Boise, Idaho 83702

Counsel for Interpleader-
Defendants Gary Bringhurst
David Swenson and Jeremy Swenson

Chad J. Toms
WHITEFORD, TAYLOR & PRESTON L.L.C.
1220 N. Market Street
Suite 608
Wilmington, DE 19801

Attorneys for Interpleader-
Defendant Douglas L. Swenson

Donna L. Harris
PINCKNEY, HARRIS & WEIDINGER LLC
1220 North Market Street
Suite 950
Wilmington, DE 19801

Counsel to Interpleader-Defendants
John Foster and Walt Mott

J. Landon Ellis
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, DE 19801

Co-Counsel to Interpleader-
Defendant Farrell J. Bennett